# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER G. CORNELL, | ) | 8:15CV430 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of Plaintiff Christopher Cornell's Complaint (Filing No. 1). Cornell seeks leave to proceed in forma pauperis in this action and so the court conducts this initial review pursuant to 28 U.S.C. § 1915 (e)(2) (requiring the court to dismiss an action filed in forma pauperis if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). For the reasons set forth below, the court will dismiss this action because the State of Nebraska cannot be sued in federal court. In the alternative, the court will dismiss this action because Cornell may not use this lawsuit to interfere with actions that have been decided or are pending in a state court juvenile case.

**A.     Sovereign Immunity**

Cornell complains in this action that the State of Nebraska has wrongfully terminated his parental rights. For relief, he seeks compensation for "loss of children," an order returning his children, and reversal of the state court's order terminating his parental rights. (Filing No. 1 at CM/ECF p. 8.) The only named defendant is the State of Nebraska.

The State of Nebraska is constitutionally immune from suit in federal court. The Eleventh Amendment to the Constitution prohibits individuals from suing states and their

agencies in federal court, unless the state has consented to being sued, *Pugh v. Alabama*, 438 U.S. 781, 782 (1978) (per curiam ), or Congress has abrogated the state's immunity by some express statutory provision. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Egerdahl v. Hibbing Comm. ColIl*, 72 F.3d 615, 619 (8th Cir.1995).

Cornell's Compliant does not include allegations suggesting that the State of Nebraska has consented to being sued in this matter, and Cornell has not identified any act of Congress that would abrogate the State of Nebraska's constitutional immunity. Therefore, the court must dismiss his Complaint.

Cornell's Complaint is also subject to dismissal because he asks the court to interfere with actions that have been decided or are pending in a state court juvenile case. As such, as explained below, this case falls squarely within the directives of the *Rooker-Feldman* doctrine to the extent that it seeks review of previous state court rulings. In the alternative, it is precluded by the *Younger* abstention doctrine to the extent that it relates to issues still pending in state court.

**B.** **_Rooker-Feldman_ Doctrine**

Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state). In addition, federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine. The *Rooker-Feldman*

doctrine stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine).

Here, Cornell complains of injuries caused by the state court judgment that terminated his parental rights. Under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction because Cornell's allegations of error are "inextricably intertwined" with the issues that were resolved in the state court proceedings. In other words, this court lacks the authority to review and reject the state court judgment terminating Cornell's parental rights. *See e.g.*, *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (concluding *Rooker-Feldman* doctrine bared the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (stating that it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought"). It is not possible for the court to grant the requested relief without disrupting the judicial process of the Nebraska courts. Therefore, Cornell's recourse, if any, is through Nebraska's appellate courts and the United States Supreme Court or a new action commenced in Nebraska's state courts.

**C.** *Younger* **Abstention**

Under the *Younger* abstention doctrine, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the

plaintiff has an avenue open for review of constitutional claims in the state court. *Younger v. Harris*, 401 U.S. 37 (1971); *see Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, [] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

To the extent that any portion of Cornell's Complaint survives the jurisdictional bar of the *Rooker-Feldman* doctrine, *Younger* abstention is warranted. *See Amerson*, 94 F.3d at 512-14 (noting Supreme Court has long rejected federal court interference in state domestic relations policy; finding abstention appropriate where district court concluded plaintiff's claims seeking damages could not be granted without disturbing state juvenile court decision to terminate her parental rights).

Accordingly,

IT IS ORDERED:

1. For the reasons set forth above, this case is dismissed.

2. The court will enter judgment by a separate document.

3. Cornell's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied.

DATED this 9th day of February, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

4